### CHARLES W. BAKER v. NORWOOD (VIL.) ET AL.

STREET IMPROVEMENTS—UNAUTHORIZED.

The statutes do not confer upon municipal corporations the right to improve private property for street purposes without condemnation or consent of the owner, and much less to assess upon individual property the cost of an improvement which was not desired nor solicited.

APPEAL.

*C. W. Baker*, for plaintiff.
*Wm. R. Collins*, for the village.

GIFFEN, J.

The plaintiff alleges in his petition that the village of Norwood has, without his permission, and without condemning for public use, improved his certain lot of land for street purposes, and assessed the costs thereof upon his lots adjacent thereto, the prayer being for an injunction.

The answer admits the making of the improvements and levying the assessments, but avers that plaintiff was served with notice pursuant to the provisions of sec. 2304, Rev. Stat., and received the benefits.

The proof is that plaintiff was not served with any notice, nor did he in any manner consent to such improvements.

The village, in making the improvements upon the land of plaintiff and thus attempting to appropriate the same for street purposes, was a trespasser.

The statute did not confer upon the village the right to improve the private property of the plaintiff, and much less to assess upon his individual property the cost of an improvement he never desired nor solicited. Harbeck v. Toledo, 11 Ohio St., 219.

Perpetual injunction allowed.